IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERRY PORTER,

    Plaintiff,

v.

THE KROGER COMPANY,

    Defendant.                               Case No. 09-cv-401-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Upon review of both the Notice of Removal (Doc. 2) and the allegations of Plaintiff's Complaint (Doc. 2, Ex. 1), the Court finds that it must raise the issue, *sua sponte*, of whether it has subject matter jurisdiction over this case. *See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). "Without

jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993);** ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

## II. DISCUSSION

A.  **Removal Based Upon Diversity Jurisdiction**

Defendants removed this case on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction

once the existence of that jurisdiction is fairly cast into doubt.  **See In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997)**.  "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" **Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**.  However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable.  **St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291 (1938)**.  When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded.  **Id. at 291-92**.  "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction.  **Barbers, Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing St. Paul Mercury, 303 U.S. at 289)**.  If the plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." **Chase, 110 F.3d at 427 (internal citations**

omitted**)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. The evidence shown to be available at the time of removal must prove to a reasonable probability that the jurisdictional amount was met. ***Id.***

In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." ***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004))**.

**B.    Analysis**

In this case, the Court notes pleading deficiencies in demonstrating that the amount in controversy meets the requirements of § 1332. First, all that can be reliably gleaned from Plaintiff's Complaint is that Plaintiff's counsel believes the total damages "could exceed $50,000" (Doc. 2, Ex. 1 - *see* Illinois Supreme Court Rule 222(b) Affidavit, p. 5). The rule requires an affidavit that states either that the

damages do or do not exceed $50,000 rather than could.  The affidavit, at bar, is an ambiguous jurisdictional statement, at best, to attempt to plead the Plaintiff's way into the major civil division of the Illinois Circuit Court.  Hardly a basis for the higher jurisdictional amount required for federal jurisdiction.  While Plaintiff's Complaint describes Plaintiff's injuries as "serious" and "permanent," the Court will not read such adjectives, without other supporting evidence, as sufficient to establish to a reasonable probability that the amount in controversy exceeds $75,000 (Doc. 2, Ex. 1, ¶ 8).  Defendant specifies that Plaintiff has suffered a knee injury, including a torn meniscus (Doc. 2, ¶ 6).  Again, these types of injuries without more evidence to substantiate the damages sought will not suffice to demonstrate that the amount in controversy exceeds $75,000.  The same applies for Plaintiff's general prayer for damages to reimburse for medical expenses and lost wages.

Having reviewed the pleadings and the record, the Court finds Defendant has failed to carry its burden of establishing diversity jurisdiction because the amount in controversy requirement is not "supported by a preponderance of the evidence." **Oshana, 472 F.3d at 511**.  As a result, the Court cannot conclude "to a reasonable probability that jurisdiction exists." **Chase, 110 F.3d at 427**.

### III. <u>CONCLUSION</u>

For the reasons discussed herein, because the Court finds that the requirements to plead diversity jurisdiction have not been met, it does not have proper subject matter jurisdiction over this case.  Thus, the Court is obligated to

remand this case back to state court, pursuant to **28 U.S.C. § 1447(c)**. Accordingly, the Court hereby **REMANDS** this case back to the Circuit Court of the First Judicial Circuit of Jackson County, Illinois

**IT IS SO ORDERED.**

Signed this 29th day of May, 2009.

/s/     DavidRHerndon

**Chief Judge
United States District Court**